21-2544-cv
*DHIP, LLC v. Fifth Third Bank*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
SUSAN L. CARNEY,
BETH ROBINSON,
*Circuit Judges.*

---

DHIP, LLC,

*Plaintiff-Appellant,*                                        21-2544-cv

v.

FIFTH THIRD BANK,

*Defendant-Appellee.*\*

---

**FOR PLAINTIFF-APPELLANT:**     JOSHUA D. RIEVMAN, Dunning Rievman LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**     AARON D. LINDSTROM (Lilit Asadourian, *on the brief*) Barnes & Thornburg LLP, Los Angeles, CA.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff DHIP, LLC ("DHIP") sued Defendant Fifth Third Bank ("Fifth Third") for damages resulting from the latter's alleged breach of its commitment to provide a loan to Drexel Hamilton Investment Partners, LLC ("Drexel Hamilton"). DHIP sued under the premise that it and Drexel Hamilton are one and the same. We disagree with that premise. To the extent DHIP exists at all, it is not the same entity injured by Fifth Third's alleged breach, despite its acronymic name. DHIP thus lacks standing to sue Fifth Third.

The District Court granted summary judgment to Fifth Third for want of subject matter jurisdiction based on its finding that Drexel Hamilton did not legally exist. DHIP appeals, and we affirm the judgment of the District Court. Beyond the detail provided, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the [D]istrict [C]ourt's factual findings regarding subject matter jurisdiction for clear error and its legal conclusion as to whether subject matter jurisdiction exists *de novo*." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003).

I.      **Identity of purportedly injured party**

The issue before us is whether the District Court lacked the subject matter jurisdiction necessary to adjudicate DHIP's claims. Article III of the Constitution permits federal courts to adjudicate cases only when the plaintiff has suffered an injury in fact, a key component of standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate an injury in fact, "the party seeking review [must itself] be . . . among the injured." *Id.* at 563 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)).

A federal court may thus only adjudicate DHIP's case if it was among those injured by the alleged breached commitment to Drexel Hamilton. The problem for DHIP is that, despite its acronymic name, DHIP is not Drexel Hamilton. The purported current members of Drexel Hamilton claim to have acquired the LLC—through successive transfers from Centre Asset Management, to James Abate, and then to the Partnership to Seek Remedy Against Fifth Third Bank—close to four years after Drexel Hamilton dissolved in September 2014. Under Pennsylvania

law, an LLC may continue to exist for some purposes after dissolution, including civil suit.[1] *See* 15 Pa. Cons. Stat. § 8976 (effective until February 20, 2017); *id.* § 8872 (fully effective April 1, 2017). Transfer of ownership interests is not one of the included purposes.

We do not consider ambiguous the law on the purposes for which a dissolved LLC may continue to exist, so we assume it embodies the legislature's intent. *See Sivick v. State Ethics Comm'n*, 238 A.3d 1250, 1263 (Pa. 2020). And we "may not supply omissions in the statute when it appears that the matter may have been intentionally omitted." *Id.* at 1264 (quoting *Commonwealth v. Spotz*, 716 A.2d 580, 590 (Pa. 1998)). Accordingly, Drexel Hamilton did not continue to exist for the purpose of ownership transfer, and its purported current members could not have reacquired it in 2018. DHIP, to the extent it exists at all, is not the LLC allegedly injured by Fifth Third.

## II.    Purported revival and name change

We next consider whether the efforts to strike Drexel Hamilton's Certificate of Dissolution from state records and—under the guise it had been revived through a Statement of Correction— change its name to DHIP impact our analysis. Statements of Correction filed under 15 Pa. Cons. Stat. § 138 "appl[y] corrections needing to be made to submitted documents, not challenges to the validity of a document itself." *Warehime v. Warehime*, 777 A.2d 469, 481 n.15 (Pa. Super. Ct. 2001), *rev'd on other grounds*, 860 A.2d 41 (Pa. 2004); *see also First Union Nat'l Bank v. Quality Carriers Inc.*, 48 Pa. D. & C.4th 1, 11 n.18 (Com. Pl. 2000). Abate filed a Statement of Correction with the Pennsylvania Department of State in May 2018. He noted that Drexel Hamilton's September 2014 Certificate of Dissolution "was filed erroneously as the LLC is continuing to wind up its affairs." J.A. 3288. Because Abate sought to challenge the validity of the Certificate of Dissolution itself, his Statement of Correction had no effect. Drexel Hamilton remained dissolved.

Abate's subsequent Certificate of Amendment purporting to change the name of Drexel Hamilton to DHIP also had no effect. First, and most fundamentally, Abate lacked any authority to change Drexel Hamilton's name. Despite his representations, he had not in fact received any post-dissolution membership interest in Drexel Hamilton; in turn, he had no power to appoint himself director or to file the Certificate of Amendment attesting to the name change. *See* 15 Pa. Cons. Stat. § 8822(b) (indicating that the LLC, not an uninterested person, must deliver a Certificate of

---

[1] Pennsylvania law governs the substantive issues presented by this appeal. *See Sarkees v. E. I. Dupont De Nemours & Co.*, 15 F.4th 584, 588 (2d Cir. 2021) ("In a diversity of citizenship case, state law . . . applies to substantive issues . . . ."); *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (observing that when parties' briefing assumes a state's laws control, they impliedly consent to the application of those laws).

Amendment). Second, as discussed above, we consider Pennsylvania law on the purposes for which a dissolved LLC may continue to exist to be unambiguous and comprehensive. Dissolved LLCs such as Drexel Hamilton do not exist for the purpose of name changes. *See id.* §§ 8976, 8872. Lastly, although non-dissolved LLCs may change their names, Abate had not, as noted above, invalidated Drexel Hamilton's 2014 Certificate of Dissolution. *See id.* § 8822.

The Statement of Correction and Certificate of Amendment Abate filed thus do not bear on our determination that DHIP is not Drexel Hamilton. Ultimately, we agree with the District Court that it lacked subject matter jurisdiction to adjudicate DHIP's claims. In particular, we agree that Plaintiff lacks standing, although not because Drexel Hamilton has ceased to exist altogether. Rather, we conclude that DHIP lacks standing because it was not the party injured by Fifth Third's alleged breached commitment to provide a loan to Drexel Hamilton.

**CONCLUSION**

In sum, we conclude that DHIP lacks standing to sue Fifth Third for damages resulting from the latter's alleged breached commitment to provide a loan to Drexel Hamilton. DHIP and Drexel Hamilton are not one and the same, and only the latter allegedly suffered an injury in fact. Abate could not and did not receive ownership interest in the dissolved Drexel Hamilton, and his efforts to revive the LLC and change its name to DHIP were ineffective.

We have reviewed all of the arguments raised by DHIP on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 30, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court